UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF ENVIRONMENT,  )
GREAT LAKES, AND ENERGY, and          )
THE MICHIGAN DEPARTMENT OF NATURAL    )
RESOURCES,                            )
                        Plaintiffs,   )
                                      )     No. 1:20-cv-528
-v-                                   )
                                      )     Honorable Paul L. Maloney
LEE MUELLER, et al.,                  )
                        Defendants.   )
                                      )

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS

Pending before the Court is Plaintiffs' motion to enforce this Court's May 17, 2022 discovery order and for sanctions (ECF No. 107). The Court has reviewed Plaintiffs' motion and Defendant Mueller's[1] response (ECF Nos. 107, 126), the parties' supplemental filings (ECF Nos. 138, 147, 148, 149), and considered their oral arguments at the motion hearing (*see Transcript of Motion Hearing*, ECF No. 144). For the following reasons, the Court will grant in part Plaintiffs' motion for sanctions and accept Plaintiffs' proposed established facts (ECF No. 108-7), with the exception of Fact #8, as true.

To say that the discovery phase of this case has not gone smoothly would be an understatement. From the very beginning of discovery, Defendant Mueller has failed to comply with multiple discovery deadlines imposed pursuant to the Federal Rules of Civil

---

[1] For this order, "Defendant Mueller" will refer to Defendants Lee W. Mueller and Edenville Hydro Property, LLC.

Procedure and the Case Management Order. The parties have been unable to resolve their discovery disputes outside the courtroom, requiring the Court's intervention.

Plaintiffs filed the present motion to enforce the May 17, 2022 discovery order and for sanctions on June 14, 2022. On that date, Defendant Mueller had failed to timely produce his initial disclosures or responses to Plaintiffs' first set of interrogatories/requests for production of documents ("RFPs"). The relevant dates to this motion are summarized as follows:

**Initial Disclosures:** Defendant Mueller's initial disclosures were originally due on March 15, 2022 (*see* ECF No. 73). Defendant Mueller filed a motion to stay discovery on April 6 (ECF No. 78), which the Court denied following a hearing in mid-May (*see* ECF No. 99). The Court then ordered Defendant Mueller to produce his initial disclosures within fourteen days, which would have been May 31 (*see id.*). When Plaintiffs filed their motion for sanctions on June 14, Defendant Mueller still had not provided his initial disclosures, but the record indicates that he did so the following day on June 15 (*see* ECF No. 112).

**First Set of Interrogatories/RFPs:** Plaintiffs served Defendant Mueller with their first set of interrogatories/RFPs on February 28, 2022 (*see* ECF No. 74), meaning that Defendant Mueller's responses were originally due on March 30. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Defendant Mueller failed to meet this deadline, and Plaintiffs informed Defendant Mueller that he had therefore waived all objections to the discovery requests and that they intended on filing a motion to compel (*see* ECF No. 82-3 at PageID.2853). Subsequently, on April 6, Defendant Mueller produced untimely responses to the discovery requests, consisting almost entirely of "general" and "specific" objections (*see* ECF Nos. 82-

2

5, 82-6). Plaintiffs then filed their motion to compel on April 11 (ECF No. 81), and the Court heard oral argument on that motion at the mid-May motion hearing. After the hearing, on May 17, the Court ordered Defendant Mueller to provide complete responses to these outstanding discovery requests, with the exception of RFP #1, by May 31 (*see* ECF No. 99). Presumably as a delay tactic, Defendant Mueller filed multiple motions for reconsideration regarding the May 17 order, which set the May 31 deadline to respond to Plaintiffs' first set of interrogatories/RFPs (*see* ECF Nos. 102, 118).[2] The Court denied both motions for reconsideration—the first on June 15 and the second on June 24 (ECF Nos. 110, 121). On June 28, Defendant Mueller then moved to extend the May 31 response deadline to July 31 (*see* ECF No. 124). On July 11, the Court granted in part and denied in part the motion, and it ordered Defendant Mueller to provide his responses to Plaintiffs' still-outstanding discovery requests (again, with the exception of RFP #1) by July 13 at noon (*see* ECF No. 129). Shortly after noon on July 13, Defendant Mueller filed another motion indicating that he was not able to comply with the July 13 deadline, and he requested another extension (*see* ECF No. 130). Having previously warned Defendant Mueller that "the Court's patience has its limits" (ECF No. 129 at PageID.4400), the Court subsequently denied Defendant Mueller's motion for an extension of time the same day he filed the motion and ordered him to respond to Plaintiffs' first set of interrogatories/RFPs "immediately" (ECF No. 132).

At this point in the saga, the Court held a motion hearing on August 18, 2022. Among other motions, the Court heard oral argument on Plaintiffs' motion for sanctions and to

---

[2] In the meantime, before the Court ruled on the motions for reconsideration and after Defendant Mueller's May 31 deadline had passed, Plaintiffs filed their motion for sanctions and to enforce the May 17 discovery order on June 14, 2022 (ECF No. 107).

3

enforce the May 17 discovery order. At the hearing, Plaintiffs claimed that Defendant Mueller still was not in compliance with the Court's May 17 order, which required Defendant Mueller to "properly and completely answer Plaintiffs' first set of interrogatories and RFPs," except for RFP #1, absent objections[3] (*see* ECF No. 99 at PageID.4008). Defendant Mueller's counsel, on the other hand, contended that "[t]o the best of [his] knowledge," he believed that Defendant Mueller had completely complied with the May 17 discovery order (*see* ECF No. 144 at PageID.4663).

Given Defendant Mueller's disregard for this Court's orders and his discovery obligations, Plaintiffs request sanctions for two reasons. First, Plaintiffs seek sanctions under Fed. R. Civ. P. 37(b)(2)(A) for failure to obey a discovery order. As outlined above, Defendant Mueller failed to comply with this Court's May 17 order (and the subsequent orders requiring Defendant Mueller to respond to Plaintiffs' first set of interrogatories/RFPs), which was an order to "provide . . . discovery." *See id.* Rule 37(b)(2)(A) provides:

> (b) Failure to Comply with a Court Order. . . .
>> (2) *Sanctions Sought in the District Where the Action Is Pending.*
>>> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>>>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>>> (iii) striking pleadings in whole or in part;

---

[3] Because Defendant Mueller had failed to timely respond to Plaintiffs' discovery requests, the Court found that Defendant Mueller had waived all objections to these discovery requests (*see* ECF No. 99).

(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Sanctions awarded under Rule 37(b)(2)(A) are discretionary. *See Franklin v. Shelby Cty. Bd. of Educ.*, No. 2:20-cv-02812-JPM-tmp, 2021 WL 5449005, at *7 (W.D. Tenn. Nov. 22, 2021) (internal citations omitted) ("Rule 37(b)(2)(A) provides discretionary sanctions if a party fails to obey a discovery order."). Therefore, if a party repeatedly fails or refuses to comply with discovery orders, courts should use their discretion to award sanctions under Rule 37(b)(2)(A). *See Jackson v. Nissan Motor Corp.*, 888 F.2d 1391, *3 (6th Cir. 1989) (table) (internal quotation marks omitted) ("The purpose of imposing sanctions is to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery.").

The Court will, in its discretion, impose sanctions on Defendant Mueller pursuant to Rule 37(b)(2)(A). With regard to Plaintiffs' first set of interrogatories/RFPs, Defendant Mueller missed his response deadline three times before the Court finally ordered him to produce his responses "immediately" (ECF No. 132). His responses to these discovery requests were originally due on March 30, 2022, and as of the date of this order, about six months later, it appears that Defendant Mueller has still failed to produce complete responses to Plaintiffs' first RFPs (*see* ECF Nos. 138, 148) (explaining that Defendant

Mueller has failed to produce at least 80% of the requested documents that Plaintiffs sought in their first RFPs). In the Court's judgment, it is appropriate to sanction Defendant Mueller for his repeated disregard of his discovery obligations and this Court's orders.

Rule 37(b)(2)(A) explains that sanctions awarded under this rule "may include" seven different types of sanctions. Of these potential sanctions, the first option is for the Court to "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A). Plaintiffs ask that this Court award such a sanction and deem their proposed established facts (*see* ECF No. 108-7) as true.

On the other hand, Defendant Mueller argues that, if the Court chooses to impose sanctions upon him, the Court should award monetary sanctions rather than accepting Plaintiffs' proposed established facts as true. He asserts that, the first time courts sanction a party, they typically award monetary sanctions, and if this Court instead awarded nonmonetary sanctions, the Court would "skip[] over monetary sanctions" (ECF No. 147 at PageID.4685).

Although Defendant Mueller is correct that this Court has not imposed any monetary sanctions on him in this matter, the Court finds that—based on Defendant Mueller's own assertions—monetary sanctions would be meaningless. Defendant Mueller has made it a point to inform this Court that his financial circumstances are "dire" (ECF No. 124 at PageID.4307), and that he cannot even afford to pay his attorney, who is working on a pro bono basis (*see* ECF Nos. 89-1, 102, 102-1, 103, 103-1, 124, 124-1, 126, 144, 149) (showing all the instances in which Defendant Mueller's attorney notified the Court that he is working

on a pro bono basis). According to Defendant Mueller, he "has no other means of income, other than social security income" (ECF No. 144 at PageID.4630). For purposes of this order and the record to date, the Court will accept Defendant Mueller's assertions that his financial situation is "dire," and therefore, the Court finds that it would be pointless to impose monetary sanctions upon Defendant Mueller. The Court also will not engage in a "payment plan" discussion. As such, the Court finds that the nonmonetary sanction of accepting Plaintiffs' proposed established facts (except Fact #8), as permitted by Rule 37(b)(2)(A)(i), is an appropriate sanction for Defendant Mueller's disregard for this Court's May 17 discovery order and all subsequent orders.

The Court reviewed Plaintiffs' proposed established facts (ECF No. 108-7). Because this Court is sanctioning Defendant Mueller for his failure to timely respond to Plaintiffs' first set of interrogatories/RFPs, the Court finds that it is appropriate to accept only the proposed facts that were within the scope of the discovery that the Court ordered Defendant Mueller to produce in the May 17 order. Upon the Court's review, all proposed established facts, except Fact #8, are within the scope of the May 17 order. Fact #8 specifically references a conclusion of the Independent Forensic Team ("IFT"). Although Plaintiffs sought the communications between the IFT and Defendant Mueller in RFP #1, the Court did not order Defendant Mueller to produce this documentation in its May 17 order; rather, it ordered him to produce this documentation after it considered Defendant Mueller's motion for a protective order (*see* ECF No. 136). Therefore, except for Fact #8, the Court finds that Plaintiffs' proposed established facts relate directly to the discovery that the Court ordered Defendant Mueller to produce in its May 17 order. The Court will deem Facts #1 through

7

#7 as true (ECF No. 108-7 at PageID.4232-33), as they relate to Defendants Lee W. Mueller and Edenville Hydro Property, LLC, for the remainder of this litigation. They are not deemed as true as to any of the other defendants in this matter (*see* ECF No. 144 at PageID.4664).[1]

Additionally, although the Court deems many of Plaintiffs' proposed established facts as true, Defendant Mueller is not relieved of his discovery obligations regarding Plaintiffs' first set of interrogatories/RFPs or his discovery obligations in the future. To the extent that Defendant Mueller still owes Plaintiffs the documents that they sought in their first RFPs—including all the documents that Defendant Mueller identified on his attorney-client privilege log—the Court reminds Defendant Mueller that, on July 13, he was ordered to produce those

---

[1] In deciding Plaintiffs' motion for sanctions, the Court asked Plaintiffs to provide additional documentation regarding the proposed established facts (*see* ECF No. 137), and it also allowed Defendant Mueller to respond to Plaintiffs' supplemental filing containing that documentation (*see* ECF No. 142). In Defendant Mueller's response, he raised two arguments why it would be inappropriate to accept Plaintiffs' proposed established facts as true. The Court finds that neither of these arguments are persuasive.

First, Defendant Mueller argues that the proposed establish facts exceed the scope of the discovery that Plaintiffs sought in their first set of interrogatories/RFPs (*see* ECF No. 147 at PageID.4679-80). The Court agrees with Defendant Mueller that it should only accept those facts that were the subject of the May 17 discovery order, which ordered Defendant Mueller to respond to Plaintiff's first set of interrogatories/RFPs. He argues that many of the proposed established facts rely on Exhibit #2 to Plaintiffs' supplemental response (ECF No. 138-2), a press release that Defendant Mueller disseminated to many media organizations, and that Plaintiffs did not request this press release in their first set of RFPs. Defendant Mueller is mistaken. RFP #3 asks for "[a]ll documents containing communications between [Defendant Mueller] or any of [his] representatives and any media organization or journalist between May 10, 2020 and February 28, 2022 related to the Edenville Dam" (ECF No. 82-1 at PageID.2840). Exhibit #2, a press release, fits squarely within the documentation that Plaintiffs requested in RFP #3. Therefore, it is appropriate for the established facts to rely on this press release.

Second, Defendant Mueller raises numerous arguments (for the first time) why many of the documents sought in Plaintiffs first RFPs are not discoverable (*see* ECF No. 147 at PageID.4681-84). This argument is completely speculative. He essentially states that many of the documents that Plaintiffs seek—and that Defendant Mueller identified in his attorney-client privilege log *in response to* Plaintiffs' discovery requests—could fall outside the scope of the original discovery requests, but he does not specifically identify a single document that indeed falls outside the confines of Plaintiffs' first RFPs. Moreover, the Court reminds Defendant Mueller that he waived *all* objections to Plaintiffs' first set of interrogatories/RFPs, due to his own failure to timely respond (*see* ECF No. 99). Therefore, the Court finds that it is appropriate for Plaintiffs to seek all of the documents that Defendant Mueller identified in his attorney-client privilege log, which he prepared in response to Plaintiffs' discovery requests.

documents "immediately." If he has yet to provide Plaintiffs with all the documents they requested in their first RFPs, the Court trusts that Defendant Mueller will do so immediately.

Finally, Plaintiffs also seek sanctions pursuant to Rule 37(c)(1) for Defendant Mueller's failure to timely produce his initial disclosures. Rule 37(c)(1) states:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> > (B) may inform the jury of the party's failure; and
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

The Court finds that imposing sanctions under Rule 37(c)(1) is not appropriate. Defendant Mueller eventually did provide his initial disclosures—albeit a very tardy three months late—so he has not "fail[ed] to provide" his initial disclosures, as required by Rule 37(c)(1). At this time, the Court finds that the imposed sanctions under Rule 37(b)(2)(A) are sufficient. But if Defendant Mueller continues to disregard his discovery obligations in the future, the Court will not hesitate to consider additional appropriate sanctions. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to enforce the May 17 order and for sanctions (ECF No. 107) is **GRANTED** in part, as outlined in the opinion above.

**IT IS SO ORDERED.**

Date:  September 30, 2022                              /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge

9